■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS J. TERPOLILLI, Appellant. — Appeal from a judgment of the County Court of Chemung County, rendered June 1, 1979, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a forged instrument in the second degree. Following an incident at a Sears store in the City of Elmira on June 1, 1978 wherein defendant identified himself as Jamie J. Morello in an attempt to purchase some tires, it was discovered by the police that defendant possessed a birth certificate which he had found in a garbage can and altered by typing the name of Jamie Joseph Morello thereon and that, using the altered birth certificate, he also had illegally obtained and possessed a New York State driver's license under the name of Morello to replace his license under the name of Terpolilli which had previ-

ously been revoked. Thereafter, defendant was indicted on two counts of criminal possession of a forged instrument in the second degree, a class D felony (Penal Law, § 170.25), and he was subsequently allowed to plead guilty to attempted criminal possession of a forged instrument in the second degree, a class E felony (Penal Law, 110.05, subd 6) in full satisfaction of the indictment. As a predicate felon, he was then sentenced to an indeterminate term of imprisonment of not more than three years nor less than one and one-half years, and on this appeal he raises three contentions, all of which are without merit. Defendant's initial contention that incriminating statements which he gave to the police should have been suppressed because they were obtained as a result of custodial interrogation that was not preceded by proper *Miranda* warnings is clearly lacking in substance. A reading of the transcript of the *Huntley* hearing reveals that defendant was taken into custody about 6:30 P.M. on June 1, 1978 and that the police began interrogating him at about 8:00 P.M. that same day. Most significantly, the transcript also demonstrates that he was fully advised of his *Miranda* rights at 8:00 P.M. and understood them before the interrogation began. Similarly without merit is defendant's contention that the indictment, when read with the bill of particulars, fails to charge defendant with a crime. The indictment and bill charge defendant with knowingly possessing a forged birth certificate and a forged driver's license with the intent to defraud others, i.e., by using the birth certificate to defraud any person desirous of his identification by holding himself out to be Jamie J. Morello and using the driver's license to defraud any person desirous of determining if he had a valid license by representing himself as duly licensed under the name Jamie J. Morello. These charges contain all the essential elements of the crime of criminal possession of a forged instrument in the second degree (see Penal Law, § 170.25). Moreover, this case is fully distinguishable from *People v Briggins* (50 NY2d 302) upon which defendant mistakenly relies because, unlike the situation in that case, here defendant actually altered the birth certificate which he found and the birth certificate and the driver's license, each on its own face, falsely represent that they are genuine and authentic and were lawfully issued to Jamie J. Morello. Lastly, we cannot agree with defendant's assertion that his plea was not a knowing, intelligent and voluntary waiver of his right to a trial. Although there was momentary confusion at the time of the plea as to the class of felony to which defendant would plea guilty, a perusal of the record readily establishes that the matter was quickly clarified and that defendant's plea was knowingly, intelligently and voluntarily entered. The resultant plea was in accordance with the plea bargaining agreement between the parties, and certainly nothing in the record would justify our holding, as suggested by defendant, that he was denied the effective assistance of counsel. Judgment affirmed. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.